UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NELSON DESIGN GROUP LLC,

Plaintiff,

v.

OBROCK COX PLLC, BEACHFRONT PROPERTIES LLC, JOHN PAUL COX, DAVID DANTON, JULIE DANTON, INSPIRE HOMES LLC, TAYSO CONSTRUCTION LLC, TAYSO HOMES LLC,

Defendants.

CASE NO. 2-23-CV-00275-BAT

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Nelson Design Group, LLC ("Nelson Design") has filed a Motion for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Dkt. 36. Plaintiff asks the Court to either strike Defendants' Answer to the Complaint (Dkt. 9), enter an order of default against all Defendants, or alternatively, prohibit Defendants from introducing into the record, either in response to a motion or at trial, any evidence sought in the discovery served on Defendants on September 26, 2023. Plaintiff further seeks an award of attorney fees for having to file this motion. *Id.* Defendants oppose the motion. Dkt. 39. Plaintiff filed a reply (Dkt. 42) and the matter is, therefore, ripe for consideration.

For the reasons stated herein, the Court grants Plaintiff's motion for sanctions to prohibit Defendants from introducing evidence related to the September 26, 2023 discovery, and awards Plaintiff its attorney fees.

BACKGROUND

On September 26, 2023, Plaintiff served its First Set of Interrogatories and Requests for Production to Defendants. Dkt. 36. To date, Defendants have not provided any answers or responses to the discovery. On November 9, 2023, January 29, 2024, and March 7, 2024, Plaintiff's counsel Mr. Schrantz corresponded via email with Defendants' counsel Caroline Fichter regarding the outstanding discovery. In a phone conference on March 15, 2024, Ms. Fichter indicated the responses would be provided on March 29, 2024. Defendants produced no responses by March 29, 2024. Plaintiff again requested the documents via emails with Ms. Fichter on April 28 and June 28, 2024. Ms. Fichter did not respond to any emails after the discovery conference held March 29, 2024.

On July 26, 2024, Plaintiff filed a Motion to Compel answers to the outstanding discovery. Dkt. 20. Defendants did not respond to the motion or contact Plaintiff's counsel. On August 19, 2024, the Court granted Plaintiff's Motion to Compel, ordered Defendants to produce answers to Plaintiff's discovery requests by August 29, 2024, and ordered Defendants to pay Plaintiff's attorney's fees in the amount of $1,597.50 by August 26, 2024. Dkt. 22. When Defendants failed to pay by that date, the Court entered Judgment in the amount of $1,597.50 in favor of Plaintiff against all Defendants. Dkt. 24.

Ms. Fichter acknowledges Defendants have not responded to Plaintiff's discovery requests but claims they have just now "begun producing responsive documents and discovery responses" to comply with the Court's August 19, 2024 Order. Dkt. 39. Ms. Fichter claims the delay in failing to comply with Defendants' discovery obligations for over a year and unexcused disregard of this Court's directives, is due to significant medical issues. Dkt. 40, Declaration of Caroline Fichter.

Ms. Fichter states she has been dealing with medical issues since May 2024, she had COVID-19 in September, and had major abdominal surgery on November 14 requiring three weeks medical leave. *Id.* She could not rely on her partner, Mr. Bundy, for assistance because he also contracted COVID-19 in October and required surgery in November. *Id.*

Up until November 27, 2024 (just five days after Plaintiff filed its motion for sanctions), Defendants were also represented by Ms. Pham of the firm Helsell Fetterman. Dkt. 16 (Notice of Association filed July 26, 2023). Ms. Pham withdrew on November 27, 2024. On the same day, Plaintiff re-noted the motion for sanction at Ms. Fichter's request. Dkt. 34.

Ms. Fichter first notified Plaintiff's counsel on November 25, 2024, that she had health issues. Dkt. 42, Declaration of William W. Mitchell, p. 2. Mr. Mitchell was never contacted by Michelle Pham and Ms. Pham filed no pleadings in this matter other than her notice of appearance and notice of withdrawal. *Id.*

On August 21, 2024, Ms. Fichter filed a declaration in a Skagit County Superior Court case regarding trial continuance and travel and does not reference any health issues. *Id.* On August 22, 2024, Defendants served Plaintiff's attorney with answers to Plaintiff's first requests for admission directed to Defendants. *Id.* As of December 19, 2024, Defendants have not fully answered the discovery served in September 2023 or paid the penalty ordered of them.

## DISCUSSION

### A. Waiver of Objections

At the outset, the Court notes Defendants' failure to timely respond to Plaintiff's discovery requests constitutes waiver of any objections to those requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) *see also*, Rule 33(b)(4) (party's failure to object constitutes waiver "in the absence of an

extension of time or good cause”).

Here, and as previously noted by this Court (Dkt. 22 at 4), Defendants have waived any objections to the discovery served on them on September 26, 2023, as they have failed to timely respond and object to the discovery and sought no extension of time or shown good cause for their failure.

B. Sanctions For Violation of Court Order

Under Federal Rule of Civil Procedure 37(d)(3) and 37(b)(2)(A) (i)—(vi), the Court may impose a variety of sanctions against a party that fails to answer interrogatories or requests for production, including “prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.” Fed. R. Civ. P. 37(b)(2)(A)(ii).

In this case, the Court finds that Defendants’ extensive and unexplained delays in providing necessary discovery are inexcusable. At the time of the Court’s August 19, 2024 Order, Defendants’ discovery responses were over ten months late and a promise by Defendants’ counsel to provide discovery responses on March 29, 2024 was five months overdue. Ms. Fichter provided no excuse, sought no extension, and filed nothing in response to the motion to compel and request for attorney’s fees, which resulted in fees being assessed against her clients. Only now, after Plaintiff filed a motion for sanctions, has Ms. Fichter filed *anything* with this Court purporting to explain her continued failure to comply with the discovery rules and the Court’s August 19, 2024 Order.

Ms. Fichter now pleads poor health to excuse her misconduct, but this excuse does not explain why months prior to these health issues, she failed to respond to the September 2023 discovery or why she promised responses would be provided on March 29, 2024 and failed to

provide them. It also appears Ms. Fichter participated in other litigation in Washington state court in the same timeframe this Court ordered discovery responses, answered other discovery in this matter in that same timeframe, had co-counsel who has not provided a reason for her inability to participate in this litigation, and did not inform Plaintiff's counsel of *any* health issues until five months after the Motion to Compel was filed. Had she done so earlier, the parties could have conferred in good faith and come to an agreement without Court intervention. Instead, Plaintiff was forced to incur the expense of filing motions to compel, to extend pretrial deadlines, and for sanctions, and this Court was forced to expend valuable judicial time and expense.

When considering a dismissal or grant of default judgment for noncompliance with discovery ordered under Rule 37, the court considers "(1) [t]he public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic actions." *Guifu Li v. A Perfect Day Franchise, Inc*., 281 F.R.D. 373 (N.D. Cal. 2012); *Payne v. Peninsula School District*, 121 F.3d 507 (9th Cir. 1997). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Here, Defendants willfully failed to object to discovery, answer discovery, abide by a court order on discovery, and pay the Court ordered penalty for failure to answer discovery. The Court finds most troubling that Ms. Fichter voiced no complaint and offered no excuse before or after a monetary penalty was assessed against her clients. Although Ms. Fichter has also been inexplicably late in advising the Court of seemingly significant health issues, the Court

concludes that the third and fifth factors weigh against dismissal or a default judgment. The risk of prejudice is mitigated because the discovery deadline does not expire until March 21, 2025,[1] and a lesser sanction is available.

A sanction is indeed warranted as Defendants willfully halted the discovery process and acted in opposition to the authority of this Court. However, the Court finds a lesser sanction than dismissal or default judgment is warranted, and this finding is based entirely on Ms. Fichter's stated health issues. The Court finds a more appropriate sanction for Defendants' long-standing refusal to provide discovery is to bar Defendants from introducing into evidence at any proceeding, including in response to a motion or at trial, any evidence, testimony and or documents responsive to Plaintiff's interrogatories and requests for production served on Defendants on September 26, 2023. *See*, *e.g.*, *Gibson v. City of Kirkland*, 2009 WL 666885 (W.D. WA March 11, 2009).

C. <u>Attorney's Fees – Rule 37(d)(3)</u>

Pursuant to Fed. R. Civ. P. 37(d)(3), the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."

The Court also finds Plaintiff should be granted its reasonable attorney's fees in the amount of $1,997.75 for having to litigate the issue of Defendants' long-overdue discovery responses once again. The Court assesses this fee against Caroline B. Fichter alone.

[1] It does not escape the Court's notice that the main reason the discovery deadline has not yet expired is due to Defendants' failure to respond to the September 26, 2023 discovery requests. *See* Dkt. 25 at 3.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Sanctions (Dkt. 29) is **GRANTED**;

2. Defendants are barred from introducing into evidence at any proceeding, including in response to a motion or at trial, any evidence, testimony and or documents responsive to Plaintiff's interrogatories and requests for production served on Defendants on September 26, 2023;

3. Defendants must produce answers to Plaintiff's First Interrogatories and Requests for Production and provide proof to this Court that they have done so, by **December 29, 2025**.

4. Plaintiff is **GRANTED** attorney's fees against Defendants' counsel Caroline B. Fichter in the amount of $1,997.75. Ms. Fichter shall pay the amount of $1,997.75 from her personal funds to Plaintiff's counsel **by December 29, 2025**. If this amount is not paid by December 29, 2025, Plaintiff may move *ex-parte* to reduce this amount to judgment against Caroline B. Fichter.

5. If Defendants fail to comply with this Order, the Court will impose further sanctions, including dismissal of this action in its entirety.

DATED this 23rd day of December, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge